IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW WHITTEN, | ) | 8:15CV96 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, a political subdivision, JOHN MARTIN, Detective, and JOHN DOES #1-#3, in their individual and official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Matthew Whitten filed his Complaint (Filing No. 1) in this case on March 13, 2015. This court has given him leave to proceed in forma pauperis. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Whitten's claims are based on incidents that occurred in Omaha, Nebraska, on July 11, 2014, when officers of the Omaha Police Department ("OPD") searched his home, questioned him, and arrested him. Defendants include the OPD, OPD Officer John Martin, and three unidentified OPD officers (John Does #1, #2, and #3). Liberally construed, Whitten asserts state-law claims for malicious prosecution and false arrest, and also Fourth and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983.

On July 11, 2014, Martin and John Doe #1 questioned Whitten outside his home concerning allegations of terroristic threats. Whitten informed the officers he did not intend to threaten or terrorize anyone, he did not own any weapons, there were

no weapons located inside his home, and he was not planning any robberies. (Filing No. 1 at CM/ECF p. 2.) Whitten further stated he would not consent to a search of his home. Thereafter, Martin spoke to his superior, John Doe #2, and then arrested Whitten without an arrest warrant, without witnessing Martin commit any crime, and without probable cause to believe Martin had committed a crime. (*Id.*)

Martin applied for, and was granted, a warrant to search Whitten's home for firearms, explosives, and ammunition. Whitten alleges that nothing in the application for the search warrant established a remote possibility that contraband or evidence of criminal activity would be found. Thereafter, Martin and John Does #1 and #2 executed the warrant. They did not find firearms, explosives, or ammunition, but did find "evidence" that resulted in Whitten being charged with a felony crime. (*Id.* at CM/ECF p. 4.) Whitten spent 21 days in jail following his arrest. (*Id.*) On January 22, 2015, the District Court of Douglas County, Nebraska, sustained Whitten's motion to suppress the evidence found in his home, and the prosecutor dismissed the felony charges against Whitten. (*Id.* at CM/ECF p. 5.)

Whitten seeks declaratory relief and unspecified money damages in this case. (*Id.* at CM/ECF p. 12.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Unlawful Search and Arrest**

Here, the court considers whether Defendants subjected Whitten to an unreasonable search of his home and an unreasonable seizure of his person. The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or

affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It is well established that a search of private property, without proper consent, is unreasonable unless it has been authorized by a valid search warrant. *See Groh v. Ramirez*, 540 U.S. 551, 559 (2004). "The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirements of the Fourth Amendment is unconstitutional." *Id.*

In addition, it is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments. *See Anderson v. Cass Cnty., Missouri*, 367 F.3d 741, 745 (8th Cir. 2004).

Here, Whitten alleged Martin, after consulting with John Doe #2, arrested Whitten without witnessing him commit a crime and without probable cause to believe he committed a crime. In addition, Whitten alleged Martin applied for, and was granted, a warrant to search Whitten's home based on a warrant application that contained no indication that contraband or criminal activity would be found in Whitten's home. Martin, John Doe #1, and John Doe #2 executed the warrant. A state district court later suppressed evidence found in Whitten's home "due to a Fourth Amendment Violation." (*See* Filing No. 1 at CM/ECF p. 5.)

Based on the facts as they are alleged by Whitten, the court finds Whitten has stated plausible claims for relief against Martin, John Doe #1, and John Doe #2.

**B.     Conspiracy**

Whitten alleges in his Complaint that Defendants conspired to violate his constitutional rights. To state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must

4

allege: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an over act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *See White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008).

At this early stage in the proceedings, the court finds Whitten has adequately pled a conspiracy claim against Martin, John Doe #1, and John Doe #2.

**C.     OPD Policy and Custom**

Whitten alleges various OPD policies, customs, and practices led to his unconstitutional arrest and the unconstitutional search of his home. (*See* Filing No. 1 at CM/ECF pp. 10-11 (e.g., "a code of silence whereby officers refuse to prevent the unconstitutional misconduct of other officers[.]").) A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

At this early stage in the proceedings, the court finds Whitten has adequately pled official-capacity claims against Defendants. His allegations suggest, for example, that OPD officers have a sanctioned custom or practice of failing to intervene to prevent constitutional violations by fellow officers.

**D.     State-Law Claims**

Whitten also raises state-law claims for false arrest and malicious prosecution. At this time, the court makes no finding with respect to its jurisdiction over these claims or whether they state a claim upon which relief may be granted. In order to

5

ensure a just and fair resolution of this matter, Plaintiff's state-law claims will be allowed to proceed to service of process.

IT IS THEREFORE ORDERED that:

1. This action may proceed to service of process.

2. The clerk of the court is directed to send to Whitten a copy of the Complaint, a copy of this order, and two summons forms and two USM 285 forms for service of process on John Martin in his individual and official capacities. (See attached Notice Regarding Service.)

[Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Whitten is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

Whitten is cautioned that he must identify and serve the John Doe Defendant #1 and John Doe Defendant #2 within 120 days or his claims against them may be subject to dismissal.

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Whitten. In making such a request, Whitten must complete the USM 285 forms and submit them to the clerk of the court, together with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the Marshal for service on Defendants, together with copies of the Complaint. In the event Whitten asks the United States Marshal to serve process, the clerk of the court will make copies of the Complaint for service on Defendants.

4. The clerk of the court is directed to set the following pro se case management deadline: October 19, 2015: check for completion of service.

DATED this 18th day of June, 2015.

> BY THE COURT:
>
> *s/ John M. Gerrard*
> United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a municipality (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendants individually; and also (2) the chief executive officer or clerk of Omaha, Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.